UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
STAR ASIA INTERNATIONAL, INC.                                     :
AND STAR ASIA CUSTOMS, TRADE &                                    :
SECURITY, INC.,                                                   :    18-CV-4741 (JMF)
                                                                  :
                    Plaintiffs,                                   :    MEMORANDUM OPINION
                                                                  :         AND ORDER
        -v-                                                       :
                                                                  :
OLD DOMINION FOOTWEAR, INC.,                                      :
MALCOLM K. SYDNOR and BARRY L. GUTHRIE,                           :
                                                                  :
                    Defendants.                                   :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 30, 2018, Plaintiffs Star Asia International, Inc. and Star Asia Customs, Trade & Security, Inc. brought this breach of contract case against Defendants Old Dominion Footwear Inc. ("Old Dominion"), Malcom K. Sydnor, and Barry L. Guthrie. Docket No. 1, ¶¶ 29-37. On June 7, 2018, Sydnor's wife properly accepted service on his behalf. *See* Docket No. 14; *see* Fed. R. Civ. P. 4(e)(2)(B).[1] Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Sydnor then had twenty-one days — that is, until June 28, 2018 — to file a response. He failed to do so. *See* Docket No. 14. On July 3, 2018, the Court ordered Plaintiffs to file any motion for entry of default judgment by July 17, 2018, and ordered Defendants — including Sydnor — to file any opposition by July 24, 2018. *See* Docket No. 18. Defendants were also ordered to appear before the Court on August 15, 2018, to show cause why default judgment should not be entered against them. *See id*. On July 16, 2018, Plaintiffs moved for entry of default judgment

---

[1] Old Dominion was also served on June 7, 2018. *See* Docket No. 14. Service on Guthrie was unsuccessful. *See* Docket No. 15.

against Old Dominion and Sydnor. *See* Docket Nos. 22-23. Eight days later, Sydnor's counsel filed a notice of appearance. *See* Docket No. 24. Nevertheless, Sydnor failed to file any opposition to Plaintiffs' motion and failed to attend the August 15th hearing. On August 16, 2018, therefore, the Court entered default judgment against Sydnor. *See* Docket No. 25. Sydnor now moves to vacate the default judgment entered against him. *See* Docket No. 27.[2]

The relevant standards are undisputed. Default judgments are disfavored. *See, e.g.*, *Prosperity Partners, Inc. v. Bonilla*, 249 F. App'x 910, 912 (2d Cir. 2007); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). But "courts have an interest in expediting litigation [and] abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). The question of whether to vacate a default judgment, once entered, is committed to the discretion of the Court. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). In undertaking the relevant inquiry, courts consider four factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether and to what extent, vacating the default will cause the non-defaulting party prejudice." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004) (citations omitted). Among these four factors, willfulness — which requires "something more than mere negligence," such as "egregious or deliberate conduct," *Green,* 420 F.3d at 108 — "carries the most weight." *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013). Indeed, in general, courts should not set aside a default that is found to be willful. *SEC v. Risman*, 7 F. App'x 30, 31 (2d Cir. 2001) (citing *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1078 (2d Cir. 1995)).

---

[2]   The Court entered default judgment against Old Dominion as well. *See* Docket No. 25. It has not moved to vacate.

2

Applying these standards here, the Court finds that Sydnor's default was willful and that vacatur would therefore be inappropriate. Notably, Sydnor does not contest that he received and failed to respond to the Complaint. *See* Docket No. 30, ¶¶ 6-7, 16. Instead, invoking Plaintiffs' failure to file proof of service with respect to the Court's July 3rd Order, he claims that he was unaware of the August 15th show cause hearing. *See* Docket No. 28 ("Def.'s Br."), at 6-7, 11. That argument, however, is unavailing for at least four reasons. First and foremost, the Court was not even required to hold a hearing before entering default judgment; it could have entered default judgment based on Plaintiffs' application alone. *See, e.g.*, *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment."). Relatedly, it is not clear that Sydnor was legally entitled to notice of the August 15th hearing. Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a party who has appeared in an action at the time of an application for default judgment must be served with written notice of such application at least seven days before any hearing. But, "[b]y its terms," the Rule applies only to notice of the application itself and only to defendants who have already appeared. *Green*, 420 F.3d at 105. In this case, Sydnor did not appear until after Plaintiffs had already moved for entry of default and, accordingly, was not entitled to notice under the Rule. *See generally id.* (finding no requirement to notify a defendant who had not clearly indicated an intent to defend against the plaintiff's claims).

Second, as a matter of fact, Sydnor concedes that, on or about July 24, 2018 — several weeks before the hearing — he received a copy of Plaintiffs' motion for default judgment, which explicitly referenced and relied on "the reasons set forth in [Plaintiff's attorney's] affidavit." Def.'s Br. 6; *see* Docket No. 22. The affidavit, in turn, referenced the July 3rd Order — and, in

fact, represented that Defendants were served with the July 3rd Order. *See* Docket No. 23, ¶¶ 40-44. Sydnor's failure to take issue with that representation or to claim unawareness of the July 3rd Order until this motion belies his claim of ignorance. And, at a minimum, he was indisputably on notice of the fact that there was a July 3rd Order of the Court.

Third, and in any event, even a cursory review of the docket would have revealed the July 3rd Order to Sydnor's counsel. It is a mere six entries before his notice of appearance and is the longest docket entry on a docket with, at the time, only twenty-four total entries. Filing a notice of appearance *after* an earlier docket entry does not excuse a failure to review prior entries. *Cf. Mennen Co. v. Gillete Co.*, 719 F.2d 568, 570 (2d Cir. 1983) ("[I]t is customarily the duty of trial counsel to monitor the docket and to advise himself when the court enters an order against which he wishes to protest."); *Themis Capital v. Dem. Rep. Congo*, 09-CV-1652, 2014 WL 4379100, at *5 (S.D.N.Y. Sept. 4, 2014) ("not fault[ing]" a firm for billing high hours to a client because "new entrants to [a] case are required to get up to speed, and to learn relevant facts, law, and strategy"); *Friedman v. State Univ. of New York at Binghamton*, No. 3:06-CV-0399, 2006 WL 2882980, at *3 (N.D.N.Y. Oct. 5, 2006) ("[A]ttorneys have a duty to be aware of entries on the docket of their client's cases and are on constructive notice of such entries."). Moreover, Paragraph 1(G) of the Court's Individual Rules and Practices in Civil Cases provides that counsel are "responsible for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity."

Fourth, e-mail correspondence between the parties suggests that Sydnor's attorney deliberately chose to delay his response. On July 24, 2018, Sydnor's counsel wrote to Plaintiffs' counsel: "This firm was retained today by defendant Malcolm Sydnor in the above-referenced matter. It appears that the plaintiffs have filed a request for the entry of default against Mr.

4

Sydnor. Given our recent retention, would you consent to the withdrawal of the application for default as against Mr. Sydnor and for an extension of time to file a responsive pleading?" Docket No. 31-2, at 2. On August 1, 2018, he wrote again: "Please advise as to whether your client agrees to withdrawal of the motion for the entry of default judgment and for an extension of time to allow Malcolm Sydnor to file a responsive pleading. If we don't receive a response *by tomorrow*, we will have no choice but to file opposition to the pending application." *Id.* (emphasis added). But Sydnor filed no such opposition for another sixty-two days. And, as noted, he failed to appear at the August 15th show cause hearing.

That failure to act and to appear — especially in light of Sydnor's counsel's written acknowledgement that action was required ("we will have no choice but to file opposition to the pending application") — does not amount to due diligence. Nor does it amount to "excusable neglect." *State St. Bank*, 374 F.3d at 177 ("Where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect.'"). Viewed in isolation, the failure to learn about the July 3rd Order and the August 15th show cause hearing might have constituted administrative error. But, coupled with the delay of over two months between the receipt of the motion for default judgment and the filing of the instant motion to vacate, that failure sounds in strategy. That alone is reason enough to deny Sydnor's motion to vacate. *See, e.g.*, *Am. All. Ins. Co.*, 92 F.3d at 60 (refusing to vacate a judgment where the decision to default was apparently strategic).

For the foregoing reasons, the Court concludes that Sydnor's default was willful. In light of that, and mindful of the importance of the willfulness factor to the vacatur analysis, the Court need not even examine the other factors in the analysis of whether to vacate entry of the default judgment. Instead, exercising its discretion, the Court declines to vacate the default judgment.

*See, e.g.*, *Brien*, 71 F.3d at 1078 ("[C]ourts should not set aside a default when it is found to be willful.") (citation omitted); *Gesualdi v. Reid*, No. 14-CV-4212 (ADS), 2017 WL 752157, at *10 (E.D.N.Y. Feb. 27, 2017) (denying a motion to vacate a default judgment based on a finding that the default was willful, without consideration of the meritorious defense and prejudice factors); *SEC v. Breed*, No. 01-CV-7798 (CSH), 2004 WL 1824358, at *12 (S.D.N.Y. Aug. 13, 2004) ("Among the three criteria courts use to determine whether to vacate a default judgment under Rule 60(b)(1), willfulness is preeminent, and a willful default will not normally be set aside." (citations omitted)). Sydnor's motion is therefore DENIED. The Clerk of Court is directed to terminate Docket No. 27.

SO ORDERED.

Dated: June 5, 2019
New York, New York

JESSE M. FURMAN
United States District Judge